UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
       :
UNITED STATES OF AMERICA,                    06 Cr. 0012 (WHP)
       :
    - against -                             MEMORANDUM & ORDER
       :
GEORGE DEJESUS,
       :
                   Defendant.
       :
------------------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

           Defendant George DeJesus ("DeJesus") seeks resentencing. By Order dated March 12, 2009, the Court of Appeals remanded this case for resentencing in view of its construction of 18 U.S.C. § 924(c)'s "except" clause in United States v. Williams, 558 F.3d 166, 167-68 (2d Cir. 2009). After that remand, the Supreme Court vacated Williams and upheld the mandatory imposition of consecutive sentences for violations of § 924(c). See United States v. Williams, 131 S. Ct. 632 (2010). See also United States v. Abbott, 131 S. Ct. 18, 23 (2010). Despite the clear direction of the Supreme Court, DeJesus insists that he be resentenced. For the following reasons, DeJesus' application for resentencing is denied.

## BACKGROUND

           DeJesus was convicted after trial of (1) conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count 1"), and (2) using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count 2"). Between October 2001 and December 2003, DeJesus was the leader of a violent drug organization that distributed

approximately fifty-four kilograms of heroin. He used firearms to further his narcotics trafficking. (Pre-Sentence Report ("PSR") ¶¶ 7, 9; Sentencing Transcript dated Sept. 28, 2007 ("Tr."), at 21-22.)

DeJesus' conviction on the narcotics conspiracy charge carries a mandatory minimum sentence of twenty years with a Guidelines range of 360 months to life. His firearms conviction adds a mandatory consecutive sixty month sentence. (PSR ¶¶ 64, 66; see also 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A)(i).) This Court imposed a non-Guidelines sentence of 300 months for the narcotics conspiracy followed by a sixty month consecutive sentence for the firearms count. (Final Judgment dated Oct. 12, 2007, ECF No. 43). At sentencing, this Court noted that "[Count 2] requires a mandatory consecutive sentence of sixty months." (Tr. at 22). See 18 U.S.C. § 924(c)(1)(A)(i).

## DISCUSSION

18 U.S.C. § 924(c)(1)(A)(i) provides that:

> except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in further of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime be sentenced to a term of imprisonment of not less than 5 years.

The Second Circuit concluded in Williams that "the mandatory minimum sentence under § 924(c)(1)(A) is . . . inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal

2

transaction or set of operative facts as the firearms offense." 558 F.3d at 167-68. Thus, the Court of Appeals remanded to afford this Court "the opportunity to resentence Dejesus in light of our holding in Williams." United States v. Dejesus, 314 F. App'x. 386, 389 (2d Cir. 2009). But in Abbott, the Supreme Court vacated the Second Circuit's decision in Williams, and held that the "except" clause of § 924 (c) means "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." 131 S. Ct. at 23. See United States v. Williams, 131 S. Ct. 632 (2010) (granting certiorari and vacating judgment).

DeJesus concedes that: (1) this Court imposed a consecutive sentence on the § 924(c) count, (2) the Second Circuit held that a consecutive sentence was not required on a § 924(c) count in cases where a longer mandatory minimum sentence is imposed on another count, as was the case here; and (3) the Supreme Court held in Abbott that a consecutive sentence "was required in such cases." (Defendant's Letter dated Jun. 10, 2011 ("Ltr.") at 2 (emphasis added).) Nevertheless, DeJesus contends that he is entitled to a re-sentencing hearing because "[t]he Abbott case made no mention of [his] case . . . and specifically, did not reverse the Second Circuit's decision ordering a re-sentencing for defendant Dejesus." (Ltr. at 2). DeJesus' contention is without merit.

As Dejesus himself acknowledges, the Supreme Court vacated Williams. See United States v. Williams, 131 S. Ct. 632 (2010) (granting certiorari and vacating judgment); see also Abbott, 131 S. Ct. at 23. And when the Second Circuit revisited Williams, it specifically concluded that Abbott "forecloses [the defendant's] challenge to his sentence pursuant to § 924(c)." United States v. Williams, No. 07-2436, slip op. at 2 (2d Cir. Sep. 13, 2011) (remanded

3

on other grounds). Thus, the Court of Appeals directive to resentence DeJesus is no longer viable and a resentencing hearing is not warranted.

## CONCLUSION

For the foregoing reasons, this Court declines to resentence Defendant Dejesus and his application for a hearing is denied.

Dated: November 28, 2011
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Marc P. Berger, Esq.
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
*Counsel for Government*

Joyce C. London, Esq.
20 Vesey Street, Suite 400
New York, NY 10007
*Counsel for Defendant*